**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-CR-00129 (SLS)** |
| **KATHERINE CUEVAS,** | |
| **Defendant.** | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. The Defendant, Katherine Cuevas, has pled guilty to violating 22 D.C. Code § 4504(a)(1) (Carrying a Pistol Without a License (Outside Home or Place of Business)), after police recovered a 9mm pistol from her purse and copious amounts of illicit narcotics from the car her co-defendant Assad Turner was driving.

For the reasons that follow, the Government respectfully requests that the Court sentence Defendant Cuevas to a term of 6 months' imprisonment, followed by one year of supervised release. This sentence is appropriate given the Defendant's involvement in this case.

## I. FACTUAL BACKGROUND

The factual proffer to which the Defendant agreed as part of her January 22, 2026 guilty plea establishes the following uncontested facts:

On Sunday, August 25, 2024, the defendant, Katherine Cuevas, carried a pistol without a license near 908 Florida Avenue, Northwest, Washington, D.C.

Specifically, on that day, Metropolitan Police Department (MPD) Officers Mohammad Al-Khatib and Andrew Wolf conducted a traffic stop of a dark blue BMW at a King gas station located at 908 Florida Avenue, Northwest. Defendant Cuevas was in the front passenger seat with a purse in her lap, and

1

Co-defendant Ashaad Turner was in the driver's seat.  Co-defendant Turner was asked to step out of the BMW, which he did. While outside of the car, Co-defendant Turner walked to the passenger side of the car where he removed two pink capsules from his clothing and dropped them on the ground. Those capsules contained a detectable amount of cocaine base.

Co-defendant Turner was placed in handcuffs, and Defendant Cuevas was removed from the car. Defendant Cuevas was wearing her purse as she stepped out, and as she did so, she swiped her foot backwards to kick one of the pink capsules under the car. Defendant Cuevas and Co-defendant Turner were then placed under arrest.

Inside Defendant Cuevas's purse was a black Sig Sauer P365 9mm pistol with serial number 66B402602, which she was in joint constructive possession of with Co-defendant Turner. This firearm was reported stolen from Saint Mary's County, Maryland on April 24, 2024.  The firearm was loaded with one round in the chamber and 12 rounds in the magazine inserted into the weapon. The firearm appeared to be fully functional, had a barrel length of less than 12 inches, was designed to be fired by a single hand, and was designed to expel a projectile by the action of an explosion.

On August 25, 2024, Defendant Cuevas was not licensed to carry a pistol in the District of Columbia and was not otherwise excused from the District's licensing requirements.  Defendant Cuevas possessed the pistol in a place that was not her home, place of business, or land or premises controlled by her.

Defendant Cuevas's actions were voluntary and on purpose, were not justified, and were not the product of mistake, accident, or self-defense. All events occurred in Washington, D.C.

## II.    PROCEDURAL HISTORY

On May 1, 2025, a federal grand jury in the United States District Court for the District of Columbia returned a two-count Indictment charging Defendants Ashaad Turner and Katherine Cuevas with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(l) (Count 1) and Carrying a Pistol Without a License, in violation of 22 D.C.C.§ 4504(a)(l) (Count 2). Defendant Turner was indicted on Count 1; while Defendant Cuevas was indicted on Count 2.

On November 10, 2025, the Government filed a three-count Superseding Information

charging Defendants Turner and Cuevas with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(l) (Count 1); Unlawful Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Marijuana, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(D) (Count 2); and Carrying a Pistol Without a License (Outside Home or Place of Business), in violation of 22 D.C. Code § 4504(a)(l) (Count 3). Defendant Turner was indicted on Counts 1 and 2; while Defendant Cuevas was indicted on Count 3.

On January 22, 2026, Defendant Cuevas pled guilty to Count 3 of the Superseding Information pursuant to a written plea agreement with the Government.[1]

## III.   LEGAL STANDARD

Although the D.C. Sentencing Guidelines are advisory, under *United States v. Booker*, a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005). In crafting a sentence, the Court must consider the factors set forth in 24 D.C. Code § 403.01(a), which requires the Court to impose a sentence that: (1) reflects the seriousness of the offense and the criminal history of the offender; (2) provides for the just punishment and affords adequate deterrence to potential criminal conduct of the offender and others; and (3) provides the offender with needed educational or vocational training, medical care, and other correctional treatment. *See* D.C. Code Section 24-403.01(a)(1-3).

Furthermore, it is well-established that in determining the appropriate sentence for the defendant under the Voluntary Sentencing Guidelines, "the court may take into consideration any factor other than [race, gender, marital status, ethnic origin, religious affiliation, or sexual orientation]." D.C. Sentencing Guidelines Practice Manual ("Sentencing Guidelines") at 1.1.6

---

[1] Defendant Turner pled guilty on December 18, 2025. On March 26, 2026, he was sentenced to 30 months' incarceration, followed by 36 months of supervised release.

(2025). This includes a review of the defendant's background, nature, and other crimes. *See Powers v. United States*, 588 A.2d 1166, 1169 (D.C. 1991) (sentencing judge "may conduct an inquiry broad in scope, largely unlimited as to the kind of information received and the source from which it is received"); *Sobin v. District of Columbia*, 494 A.2d 1272, 1275 (D.C. 1985) (courts "must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed").

IV.     **ANALYSIS OF THE APPLICABLE SENTENCING GUIDELINES**

The parties and Probation concur that the Defendant's total criminal history score is 0, her criminal history Score is "A", and her resulting Guidelines range is 6 to 24 months' imprisonment.

V.      **THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The crime at issue here merits 6 months of incarceration. This sentence reflects the serious nature of this offense and the Defendant's involvement in the case, accounts for her criminal history, and provides adequate deterrence to others in the community.

**A. Nature and Circumstances of the Offense**

The nature and circumstances of this offense are serious and warrant a 6-month sentence of imprisonment.

As a threshold matter, the Defendant's possession of a loaded handgun was an inherently dangerous act that placed the community at risk. *See, e.g.*, United States v. Cole, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when a defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a serious danger to the community."); *United States v. Gassaway*, No. 21-cr-550 (RCL), 2021 U.S. Dist. LEXIS 175978 at *9-10 (D.D.C.

Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is dangerous to the public); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 U.S. Dist. LEXIS 172978, 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community."). While this case does not involve the Defendant's use of the recovered firearm, people carry guns because they intend to use them.

In addition, although the Defendant has pled guilty to CPWL, as made clear by her proffer of fact, her criminal conduct went far beyond that. Here, the Defendant not only pled guilty to possessing a stolen firearm, the firearm was loaded with one round in the chamber and 12 rounds in the magazine. *See* Figure 1, below.



**Figure 1: Sig Sauer P365 9mm pistol; one round in the chamber and 12 rounds in a 12-round capacity magazine.**

Moreover, Defendant Cuevas' co-defendant, Defendant Turner, had 30 blue round pills that weighed 4.85 grams and contained a detectable amount of heroin; a clear plastic bag containing 6.91 grams of cocaine base; approximately 65.29 grams of marijuana (excluding

packaging); as well as 65 clear zips, 58 mylar bags, and 85 clear plastic baggies. *See* Figures 2-4, below.



**Figure 2: Photo of cocaine-base collected from or discarded by Defendant Turner.**



**Figure 3: Photo of cocaine-base collected from Defendant Turner.**



**Figure 4: Photo of THC collected from Defendant Turner's vehicle.**

As Defendant Turner admitted at his plea hearing, he possessed the narcotics depicted in Figures 2 through 4 with the intent to distribute them. The fact that Defendant Cuevas admitted to possessing the firearm while Defendant Turner admitted to possessing with the intent to distribute three different illicit narcotics – heroin, cocaine-base, and THC – is especially alarming.

While Defendant Cuevas was not charged with drug trafficking, the fact that she admitted kicking one of the pink capsules under the car, and by implication, attempting to hide from police the pink capsule that contained a detectable amount of cocaine base, suggests that she was aware of her co-defendant's activities. And as courts have noted, guns and drugs are a dangerous combination. *See, e.g.*, *Muscarello v. United States*, 524 U.S. 125, 132 (1998) (recognizing the "dangerous combination" of "drugs and guns") (quoting *Smith v. United States*, 508 U.S. 223, 240 (1993)).

While the Defendant's crime did not result in any direct violence against another, unlawful possession can lead to dangerous consequences, thereby underscoring the need to take such crimes seriously.

**B. The History and Characteristics of the Defendant**

Although Defendant Cuevas has accepted responsibility for her actions in this case, a 6-month sentence is appropriate given the Defendant's history. Her record demonstrates a pattern of non-compliance and a sense of dismissiveness towards supervision.

Besides Defendant Cuevas' conviction for Intoxicated Public Disturbance in Montgomery County, Maryland, case number 0D00418908, she has no other convictions. And thus, one could consider her criminal history to be minor. However, her actions during the pendency of this case demonstrate her disrespect for the criminal justice system, this Court, and being subject to court supervision. Almost from the beginning of this case, Defendant Cuevas has violated the terms of her supervision. As noted previously, Defendant Cuevas was told █████████████████████ ██████████████████████████████████████████████████████████████████████.
*See* Gov't Ex. 1 - Pretrial Violation Report 26 at 2. ███████████████████████ █████████████████████████████████████████, *id.*, ███████████████████████ ██████████, Gov't Ex. 3 at 3.

████████████████████████████████████████████████████████ ██████████████████████████████. *See* Gov't Ex. 1 at 1. ██████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████. *See* Gov't Ex. 2 - Montgomery County Police Report. ██████████ ████████████████████████████████████████████████████████████ ███████████████████. *Id.* at 4. ████████████████████████████████████



. *Id*. Defendant Cuevas not only has a gun possession case, she racked up an assault case while her gun case was pending.

. Gov't Ex. 3 - Pretrial Violation Report 35 at 3. Her compliance was so poor that her supervision was revoked and she was held pending trial.

Given her actions during the pendency of this case, a 6-month sentence is appropriate.

## C. The Sentence Reflects the Seriousness of the Offense and Provides for Just Punishment

The requested sentence is sufficient but not greater than necessary to meet the goals of sentencing. As mentioned previously, courts within our District have stated that drug trafficking is a dangerous activity. While the Defendant did not plead guilty to a drug offense, she unlawfully possessed a firearm where copious amounts of drugs were present. Guns and drugs are a very dangerous combination, especially to the community at large, and the weight of the evidence strongly suggests that the Defendant facilitated a dangerous situation where a gun was present near drugs.

Therefore, a 6-month prison term is necessary to deter the Defendant from continuing to unlawfully possess firearms.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court sentence Defendant Cuevas to a term of 6 months' imprisonment on Count 3, to be followed by one year of supervised release.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By:        /s/ *Jared English*
                 JARED ENGLISH
Assistant United States Attorney
D.C. Bar No. 1023926
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-465-0089
Email: Jared.English@usdoj.gov

10

# Government Exhibit 1

## ( Provided Separately)

# Government Exhibit 2

## (Provided Separately)

# Government Exhibit 3
**(Provided Separately)**